IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBVIE INC. and ABBVIE BIOTECHNOLOGY LTD | : : : | |
| v. | : : | CIVIL NO. 17-cv-01065-MSG-RL |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., and BOEHRINGER INGELHEIM FREMONT, INC. | : : : : : : : | |

**MEMORANDUM AND ORDER CONCERNING DOC. NO. 71**

Defendants (collectively "Boehringer") have moved to compel plaintiffs (collectively, "AbbVie") to produce documents sought in Boehringer's Second Set of Requests for Production of Documents and Things (RPD) that are related to Boehringer's unclean hands defense. Boehringer's Motion (BI Mot.) at 1 (Doc. No. 71). AbbVie has responded (Doc. No. 79) (AV Res.), and Boehringer has replied to the response (Doc. No. 86) (BI Rep.).

Boehringer claims its requests are tailored to the defense of unclean hands. BI Mot. at 1. AbbVie claims that Boehringer failed to plead the defense adequately, under Fed. R. Civ. Pro. 9(b), and so should be denied discovery. AV Res. at 1. Boehringer's Ninth Defense alleges that "Plaintiffs cannot obtain relief, including injunctive relief, because of unclean hands." *Id.* at 3. AbbVie argues that in Delaware, unclean hands must be pled with particularity under Fed. R. Civ. P. 9(b). *Id.* at 5 (citing to *Sonos, Inc. v. D&M Holdings, Inc.,* No. 14-1330-RGA-MPT, 2016 WL 449493, at *5 (D. Del. Aug. 10, 2016)). AbbVie also contends that Boehringer's defense actually is an "inequitable conduct" defense, because it is based on "an unconscionable pattern of withholding

and/or misrepresenting information to the [Patent Office]." AV Res. at 3 (citing to BI Mot., Ex. 2 at 6) (brackets added by AbbVie); *see EMC Corp. v. Pure Storage, Inc.,* No. 13-1985 (RGA), 2014 WL 5795557, at *2 (D. Del. Nov. 5, 2014) (a party pleading inequitable conduct must satisfy Rule 9(b)'s pleading requirements, because the defense is founded on an affirmative misrepresentation of facts with specific intent to deceive)). AbbVie contends that Boehringer's discovery requests "should be denied [because they are] based on an insufficiently pled defense or allegations not yet in the pleadings." *Id.* (citing to *Eurand, Inc. v. Myland Pharm., Inc.,* 266 F.R.D. 79, 82-83 (D. Del. 2010)).

Boehringer points out that the time for filing a motion to strike the affirmative defense has passed. BI Rep. at 1. Boehringer argues that an unclean hands defense need not be predicated on fraud. *Id.* at 2. Here, Boehringer's defense and counterclaim allege a "global effort to improperly delay competition with respect to adalimumab" by pursuing "overlapping and non-inventive patents for the purpose of developing a 'patent thicket[.]'" BI Mot. at 3 (citing to Doc. No. 20 at 44-47, ¶ 21-34).

A defense of unclean hands may be based on fraudulent conduct, but it need not be so. *See Gilead Sciences, Inc. v. Merck & Co., Inc.,* 888 F.3d 1231, 1239 (Fed. Cir. 2018) (business and litigation misconduct established a defense of unclean hands)[1]; *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999) ("when assessing whether to invoke the doctrine of unclean hands, courts of equity must not be bound by formula or restrained by any limitation that tends to trammel the free and just exercise of

---

[1] AbbVie correctly points out the Federal Circuit's concern over "the potential for misuse" of the unclean hands doctrine, and the need to "ensure that the unclean hands doctrine operates in harmony with, and does not override" the Federal Circuit's inequitable conduct standards. AV Res. at 9-10 (quoting from *Gilead*, 888 F.3d at 1240 and n.3). But in *Gilead* the Federal Circuit affirmed a district court's finding that business and litigation misconduct other than fraud could establish a defense of unclean hands. *Id.* The extent to which the limits on the inequitable conduct defense, described in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc) (cited to in *Gilead,* 888 F.3d at 1240)), will circumscribe Boehringer's unclean hands defense may inform the parties' summary judgment submissions.

discretion[]") (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245-46 (1933)). In *Keystone* the Supreme Court held that the wrongful suppression of evidence by plaintiff in a prior case warranted application of the doctrine of unclean hands. 290 U.S. at 247. *See also Gilead Sciences, Inc. v. Merck & Co, Inc.*, 2016 WL 3143943, at *27 (N.D.Cal. 2016), *aff'd* 888 F.3d 1231 (collecting cases in which application of the doctrine of unclean hands was founded on "improper business dealings."). *Sonos* contains language that suggests a defense of unclean hands is categorically predicated on fraud, and so must satisfy Fed. R. Civ. Pro. 9(b)'s particularized pleading requirements.[2] Nevertheless, the district court in *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F.Supp.2d 395, 410 (D.Del. 2009), to which the court in *Sonos* cites, refused to strike an unclean hands defense that was not based on fraud. *Sonos* itself notes that an unclean hands defense may rest on allegations of unconscionability or bad faith, rather than fraud. 2016 WL 4249493, at *5. *Sonos* is authority for the proposition that an unclean hands defense based on fraud or misrepresentation must satisfy the pleading requirements of Rule 9(b), but not for the broader proposition that every invocation of unclean hands must satisfy Rule 9(b).

  As I read Boehringer's theory, it alleges a species of anti-competitive behavior that does not depend upon proof of fraud.[3] *Cf., e.g. In re Processed Egg Products*

---

[2] "Because an element of unclean hands is based in fraud, the defense must be pled with particularity under Fed. R. Civ. P. 9(b)." 2016 WL 4249493, at *5.

[3] The anti-competitive effect of a so-called "patent thicket" of weak or invalid patents has been the subject of scholarly and judicial debate. *See Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1327–28 (Fed. Cir. 2016) (treating the problem of patent thickets in the context of software patents); *Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office*, 653 F.3d 1329, 1380 (Fed. Cir. 2011) (Bryson, J. dissenting) (arguing that patent thickets create real disincentives to innovation in the context of genetic research), *vacated on other grounds Association for Molecular Pathology v. Myriad Genetics, Inc.*, 566 U.S. 902 (2012); Johanna Jacob, *Should Our Genes Be Part of The Patent Bargain? Maximizing Access to Medical Diagnostic Advances While Ensuring Research Remains Profitable*, 28 Santa Clara Computer & High Tech. L.J. 403 (2012) (arguing that concerns about patent thickets are overblown in the context of genetic research)). Whether the creation of a "patent thicket" can amount to a cognizable defense to a

*Antitrust Litigation*, 851 F.Supp.2d 867, 879 (E.D.Pa. 2012) ("in *Lum v. Bank of America,* 361 F.3d 217 (3d Cir.2004), *abrogation on other grounds recognized by In re Insurance Brokerage Antitrust Litig.,* 618 F.3d 300, 323 n. 22 (3d Cir.2010) . . . the Court of Appeals recognized that 'antitrust claims generally are not subject to the heightened pleading requirement of Rule 9(b),' but that Rule 9(b) applies when '[f]raud is the basis for the antitrust violation alleged.' *Id.* at 220.").

Boehringer's theory may or may not be viable as a patent defense or as a basis for relief by way of counterclaim. The viability of the claim as a matter of law may be tested through summary judgment. A discovery motion is not a good mechanism for litigating the substance of the defense. At this stage of the litigation, Boehringer is entitled to discovery that is reasonably and proportionately directed to its claims.[4] AbbVie must respond to Boehringer's requests for production of documents and things.

Accordingly, it is on this 4th day of June, 2018, **ORDERED**, that Boehringer's Motion to Compel, Doc. No. 71, is **GRANTED**. AbbVie shall respond promptly to Boehringer's Second Set of Requests for Production of Documents and Things, No. 36-37 and 40-43.

BY THE COURT:

*s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**

---

claim of patent infringement, such as unclean hands, and where the boundary line between licit and illicit conduct might be, is not clear. The simple act of applying for and receiving a patent, standing alone, can hardly be the basis for patent invalidation.

[4] AbbVie's argument focuses on the purported legal deficiencies of Boehringer's defense. There is little to suggest that the relevant documents would be overwhelmingly large in number, or take an inordinate amount of time to produce. *See* AV Res. at 6-8.