# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBVIE INC. and ABBVIE BIOTECHNOLOGY LTD | : <br> : <br> : |
| v. | :     CIVIL NO. 17-cv-01065-MSG-RL <br> : |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., and BOEHRINGER INGELHEIM FREMONT, INC. | : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM CONCERNING
## DOC. NO. 75

Defendants (collectively "Boehringer") have moved to compel plaintiffs (collectively, "AbbVie") to run additional search terms, pursuant to paragraph 5(b) of the Delaware Default Standard for Discovery (DDSD 5(b)). Boehringer's Motion at 1 ("BI Mot.," Doc. No. 75). AbbVie has responded ("AV Res.," Doc. No. 94) and Boehringer has replied to the response ("BI Rep." Doc. No. 103).

AbbVie has produced over 8 million pages of documents, based on "over 100 broad, comprehensive search terms." AV Res. at 1. Boehringer requested 10 additional terms, as provided under DDSD 5(b).[1] BI Mot. at 1. AbbVie ran five of the terms, and objected to search terms 2, 3, 6, 7 and 8.[2] *Id.* at 2. The gist of AbbVie's objection to these five additional terms is that they are overly burdensome, because they "include generic

---

[1] DDSD 5(b) provides as follows:
> *Search methodology.* If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

[2] The particulars of the search terms in dispute are set out in Exhibit A to Boehringer's motion.

scientific terms and will return large volumes of irrelevant information[,]" and that the "requested searches are inconsistent with both the Federal Rules of Civil Procedure and the Delaware Default Rules for Discovery." AV Res. at 1. AbbVie offered to run the searches against a limited number of custodians, defined as "formulation or formulation and manufacturing inventors," and to search for documents containing the word "Humira (or similar product name terms) . . . within 20 words of Boehringer's otherwise generic terms." *Id.* at 2. Boehringer turned down the proposed limitations.[3] *Id.*

Boehringer points out that its search terms are not "generic," but were selected from language contained in the patents-in-suit. BI Mot. at 4. Boehringer contends that both of AbbVie's proposed restrictions – on custodians and on the distance between the word "Humira" and another search term – are overly restrictive, and will exclude relevant documents. BI Mot. at 3, 4 (supplying examples). Boehringer also disputes the burdensomeness of its requested searches, pointing out that a less restrictive search using an "AND" connector (rather than the more restrictive "WITHIN" connector) generated "over 45,000 documents," by AbbVie's count. BI Mot. at 4. "Given the importance of discovery to this case and the resources AbbVie has at its disposal, this number is not overly burdensome[,]" argues Boehringer. *Id.* AbbVie has not supplied any particulars, by way of estimate or sampling, to suggest that the number of documents produced by Boehringer's more restrictive search terms would be greater than 45,000.

---

[3] Boehringer originally proposed using "AND" connectors, rather than "WITHIN" connectors, between search terms. BI Mot. at 4. "AND" connectors would identify all documents containing both the word Humira and another search term. A "WITHIN" connector would identify all documents containing the word Humira within a specified number of words from another search term. Boehringer modified its request to seek documents containing search terms within 200 words of the word "Humira." *Id.*

AbbVie argues that it is Boehringer's burden, as the moving party, to demonstrate the relevance of the information it seeks. AV Mot. at 3 (citing to *Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 662 F.Supp.2d 375, 381 (D.Del. 2009)). AbbVie argues that Boehringer has a special burden to establish that its proposed additional searches "would provide *unique* relevant information not already obtained[.]" *Id.* (quoting *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013)). AbbVie's reliance on *Fort Worth* is misplaced. There, the plaintiff sought to add additional custodians to an already formidable number of custodians fixed through the court's ESI procedures, without any demonstration that the added custodians would supply unique information not otherwise acquired through searches of the existing custodians. 297 F.R.D. at 107.

Here, Boehringer has a right, under the district court's ESI rule, to have 10 search terms executed in addition to those chosen by AbbVie. Boehringer is not adding to the ample number of AbbVie custodians (50) previously fixed by agreement of the parties, or seeking to add search terms over and above those already allocated to the parties. There is no special burden, under *Fort Worth*, and Boehringer has met the general burden that its search proposals be reasonably calculated to lead to discoverable information. *Id.* at 106.

I find that Boehringer's proposed search terms, as modified in its reply (Doc. No. 103), comply with DDSD 5(b). AbbVie's 100 self-selected search terms made ample use of "Humira AND" search strings.[4] I find that Boehringer's 10 additional terms, making

---

[4] There is no information in the briefing comparing the number of document hits generated by a sampling of AbbVie self-selected searches with document hits generated by proposed Boehringer searches. There is no information in the briefing comparing the ratio of relevant documents to total document hits generated by AbbVie searches against the same ratio generated by proposed Boeheringer searches. It is safe to assume that both of these sophisticated and well-represented parties decided that the stakes in this

use of a more restrictive "Humira WITHIN" search, are not disproportionately less focused, more burdensome, or less likely to retrieve relevant documents than AbbVie's 100 or more searches. Boehringer's search terms are chosen from language contained in the patents-in-suit, employ reasonable search limitation strategies, and appear to be reasonably focused. AbbVie has informed me that it has produced over 8,000,000 pages of documents. Boehringer informs me that by AbbVie's count, a previous and more inclusive version of the proposed searches would generate 45,000 or so documents. I am not supplied with a multiplier for estimating the relationship of "documents" to "pages." It seems safe to assume that 45,000 documents would translate to less than 10% of the 8,000,000 pages already produced. I find that Boehringer's search requests satisfy DDSD 5(b).

As for custodians, it is AbbVie that seeks to limit the number of custodians to be searched, rather than Boehringer who seeks to add to the list of custodians to be searched, as in *Fort Worth*. Boehringer points to plausible reasons to believe that AbbVie's proposed restriction of the search to "inventor" custodians will miss relevant documents. BI Mot. at 3. I will not limit the custodians searched.

I also find that Boehringer's search terms comply with the more general requirements of Fed. R. Civ. Pro. 26(b)(1). They are reasonably relevant to the claims and defenses in the case, and proportional to the needs of the case. The financial stakes

---

particular discovery dispute did not warrant the employment of expensive and time consuming sampling techniques. I have weighed the language of DDSD 5(b), the linguistic virtues or vices of the searches, my sense of the number and value of the documents likely to be produced, and the parties' assertions about what is reasonable or unreasonable. I have decided the motion on the basis of the apparent reasonableness of the search strategies employed by Boehringer, the fact that Boehringer is asking for 10 searches, compared to the 100 or more already run by AbbVie, and the fact that Boehringer is permitted to propose 10 searches under DDSD 5(b).

are large, and both parties' resources are abundant. The burden of discovery does not outweigh its likely benefit. I will enter the order proposed by Boehringer in its reply.

BY THE COURT:

*s/Richard A. Lloret*
RICHARD A. LLORET
U.S. MAGISTRATE JUDGE