## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBVIE INC. and ABBVIE BIOTECHNOLOGY, LTD, | : |
| | : |
| Plaintiffs, | : |
| | : |
| | :   C.A. No. 17-1065-MSG |
| v. | : |
| | : |
| BOEHRINGER INGELHEIM INTERNATIONAL GMBH, BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., and BOEHRINGER INGELHEIM FREMONT, INC., | : |
| | : |
| Defendants. | : |

## ORDER

**AND NOW,** this 6th day of May, 2019, upon consideration of Magistrate Judge Richard

A. Lloret's January 17, 2019 Order Resolving Disputes Over Deposition Topics (Doc. No. 359),

Plaintiffs' Objections to that Order (Doc. No. 396), and Defendants' Response to the Objections

(Doc. No. 417), it is hereby **ORDERED** that Magistrate Judge Lloret's Order is **AFFIRMED** and

Plaintiffs' Objections are **OVERRULED**.[1]

---

[1] Under Federal Rule of Civil Procedure 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of [a magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).   A ruling is clearly erroneous when, "although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  This is so even if the district judge would have decided the issue differently. Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  Under this standard, a magistrate judge's discovery ruling is entitled to great deference and is reversibly only for abuse of discretion. Tech v. U.S., 284 F.R.D. 192, 197 (M.D. Pa. 2012).

BY THE COURT:

_____

MITCHELL S. GOLDBERG, J.

_____

Here, Judge Lloret was presented with a dispute as to thirty-three of the fifty topics set forth in Plaintiffs' Rule 30(b)(6) deposition notice.  Of those thirty-three disputed topics, Judge Lloret quashed seventeen of the topics in their entirety, limited the scope of several other topics, and permitted the remainder to proceed as proposed.  In doing so, Judge Lloret considered the factors governing the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) and found that many of the topics were disproportionate to the needs of the case.  Plaintiffs now raise objections to Judge Lloret's ruling on seventeen of the topics.

Upon consideration of both the parties' briefs regarding Plaintiffs' objections, and in light of the deferential standard set forth above, I do not find that Judge Lloret's ruling is either clearly erroneous or contrary to law.  While Plaintiffs assert that the disputed deposition topics may produce information relevant to the parties' claims and defenses, "courts have the discretion to limit relevant discovery." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174–75 (E.D. Pa. 2004).  It is well settled that discovery is not necessarily appropriate simply because there is a possibility that the information may be relevant to the general subject matter of the action. Cole's Wexford Hotel, Inc. v. Highmark Inc., 209 F. Supp. 3d 810 (W.D. Pa. 2016) (citing Fed. R. Civ. P. 26(b)(1)).  Rather, as Judge Lloret concluded, the deposition topics at issue were disproportional, "considering the importance of the issues at stake the in action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Finding no abuse of discretion in this ruling, I will overrule Plaintiffs' objections.